FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 08, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFF D., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:19-CV-00233-RHW <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 12, and Plaintiff's Motion for Alternative Remedy, ECF No. 13. Plaintiff brings this action seeking judicial review of the Commissioner's final decision denying his application for Social Security Disability Insurance under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS,** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Alternative Remedy, and **REMANDS** the matter

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 1

back to the Commissioner for additional proceedings.

## I. Jurisdiction

Plaintiff filed an application for Social Security Disability Insurance on April 26, 2014. AR 58. He alleged a disability onset date of April 18, 2013. AR 145. Plaintiff's application was initially denied on December 9, 2014, AR 77-79, and on reconsideration on May 26, 2015, AR 82-83.

Administrative Law Judge ("ALJ") Virginia M. Robinson held a hearing on December 6, 2017. AR 28-57. The ALJ heard testimony from Plaintiff and vocational expert Joseph Moisan. *Id*. On August 29, 2018, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 15-23. The Appeals Council denied Plaintiff's request for review on May 6, 2019. AR 1-5. Plaintiff sought judicial review by this Court on July 7, 2019. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

Plaintiff filed a Motion for Alternative Remedy requesting a remand pursuant to Sentence Six of 42 U.S.C. § 405(g) as an alternative to his Motion for Summary Judgment. ECF No. 13. Plaintiff attached a Notice of Award dated May 11, 2020 stating that he had been found eligible for benefits starting August 30, 2018. ECF No. 13-1.

///

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 2**

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 404.1520(a). If the claimant cannot engage in his previous occupations, the ALJ proceeds to step five and the burden shifts to the Commissioner to demonstrate that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

///

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 3

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's

1   decision on account of an error that is harmless.  *Id*.  An error is harmless where it
2   is "inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*.
3   (quotation and citation omitted).  The burden of showing that an error is harmful
4   generally falls upon the party appealing the ALJ's decision.  *Shinseki v. Sanders*,
5   556 U.S. 396, 409-10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 49 years old at the alleged date of onset.  AR 145.  At application, Plaintiff alleged that the following conditions limited his ability to work: ulcerative colitis and Crohn's disease.  AR 180. Plaintiff completed four or more years of college in 1988 and became a commercial airline pilot.  AR 181.  At the time of application, Plaintiff reported that he had worked as an airline captain from January 1996 to April 2013.  AR 181.  He stated that he stopped working on April 17, 2013 due to his conditions.  AR 180.

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from the alleged date of onset, April 18, 2013, through the date of her decision, August 29, 2018.  AR 15-23.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 5**

gainful activity since the amended date of onset. AR 17 (citing 20 C.F.R. § 404.1571 *et seq*.).

At **step two**, the ALJ found that Plaintiff had the following severe impairments: Crohn's disease/inflammatory bowel disease (IBS). AR 18 (citing 20 C.F.R. § 404.1520(c)).

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 18 (citing 20 C.F.R. § 404.1520(d)).

At **step four**, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a work at the light exertional level with the following limitations:

> the claimant can lift or carry up to 25 pounds occasionally and up to 20 pounds frequently, stand [or] walk for approximately 6 hours and sit for approximately 6 hours per 8 hour work day with normal breaks. The claimant can frequently climb ramps or stairs; never climb ladders, ropes, or scaffolds; and frequently stoop and crouch. The claimant should avoid concentrated exposure to extreme cold, excessive vibration, and workplace hazards such as working with dangerous machinery or working at unprotected heights. The claimant's workplace should have a restroom available onsite, and the claimant would need one extra five minute break every two hours.

AR 18 (citing 20 C.F.R. § 404.1567(b)). The ALJ found that Plaintiff was unable to perform his past relevant work as a commercial pilot. AR 22.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 6

**At step five**, the ALJ found that, in light of his age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the jobs of switchboard operator, furniture rental clerk, and grain mixer. AR 23. Based on this step five determination, the ALJ found that Plaintiff had not been under a disability, as defined in the Act, from April 18, 2013, through the date of the decision, August 29, 2018. AR 23 (citing 20 C.F.R. § 404.1520(g)).

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues that the ALJ erred by: (1) failing to accommodate all the limitations from the reviewing source opinion in the RFC; (2) failing to make a proper step three determination; and (3) failing to properly consider Plaintiff's symptom statements. ECF No. 11.

## VII. Discussion

**1.    RFC Determination**

Plaintiff argues that the ALJ erred by omitting Plaintiff's need to be in close proximity to a restroom from the RFC determination. ECF No. 11 at 16.

A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining RFC as the "maximum degree to which the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 7

individual retains the capacity for sustained performance of the physical-mental requirements of jobs."). Social Security Ruling (S.S.R.) 96-8p states as follows:

> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

1996 WL 374184 (July 2, 1996).

As part of the Reconsideration determination, Drew Stevick, M.D. reviewed the medical evidence and opined that Plaintiff was limited to occasionally lifting/carrying 25 pounds, frequently lifting/carrying 20 pounds, frequently climbing ramps/stairs, stooping, and crouching, occasional climbing ladders/ropes/scaffolds, and avoid concentrated expires to extreme cold, vibration, and hazards. AR 72-74. Additionally, Dr. Stevick stated that Plaintiff "[m]ust maintain close proximity to restroom facilities." AR 74. The ALJ gave great weight to this opinion. AR 21. The ALJ's RFC determination stated that "[t]he claimant's workplace should have a restroom available onsite, and the claimant would need one extra five minute break every two hours." AR 18.

Plaintiff argues that the ALJ's requirement that there be a restroom onsite is not the same as requiring close proximity to a restroom. ECF No. 11 at 16. The Court agrees. Typically, RFC determinations considering the limitations resulting

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 8

from Crohn's disease and IBS use phrases that stress the urgency of the claimant's need to use a restroom.  *Fuller v. Berryhill*, No. SA 17-0492-AB, 2019 WL 1050012 (C.D. Cal. Jan. 28, 2019) ("close proximity to a bathroom"); *Allen v. Astrue*, No. 6:11-CV-06322-KI, 2012 WL 4792412 ( D. Or. Oct. 9, 2012) ("needing continuous access to a restroom");  *Lee v. Astrue*, 695 F. Supp.2d 1033, 1038 (C.D. Cal. 2010) ("ready access to restrooms"); *Giavanna L. v. Saul*, No. 3:19-cv-00705-RNB, 2020 WL 998834 (S.D. Cal. Mar. 2, 2020) ("must have ready access to restroom facilities, meaning being able to get to a restroom from the work area in less than three minutes").  This is because, as the Western District of Washington has acknowledged, it is reasonable that a person with Crohn's disease does not decide when to go to the bathroom.  *Taylor v. Astrue*, No. C12-1069-MJP-MAT, 2013 WL 607436 (W.D. Wash. Jan. 28, 2013).  Therefore, the nature of Plaintiff's impairments may mean he requires immediate access to a bathroom.  The ALJ's RFC determination that Plaintiff's "workplace should have a restroom available onsite," AR 18, does not accurately reflect Dr. Stevick's opinion that Plaintiff must maintain close proximity to a restroom, AR 74.

     Social Security Ruling (S.S.R.) 96-8p states that the RFC assessment "must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  Here, the ALJ provided no explanation as to why

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 9

the requirement of close proximity to a restroom was not adopted. Therefore, the ALJ erred. The Court is not in a position to know whether the jobs identified by the vocational expert at the hearing, switchboard operator, furniture rental clerk, and grain mixer, would allow for close proximity to a restroom. As such, the case is remanded for the ALJ to properly address Plaintiff's required proximity to a restroom as part of the RFC determination and take the testimony of a vocational expert.

**2.  Step Three**

Plaintiff argues that the ALJ failed to assess the evidence that supports a finding that he met or equaled Listing 5.06. ECF No. 11 at 4-9.

If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the "Listing of Impairments," then the claimant is presumed disabled at step three, and the ALJ need not to consider his age, education, and work experience. 20 C.F.R. § 404.1520(d). An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not meet a listing. *Id*.

Here, the ALJ found that Plaintiff's impairments did not meet or equal Listing 5.06 in a single sentence:

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 10

> Listing 5.06 is not met because the claimant does not have (A) obstruction of the stenotic areas in the small intestine or colon with proximal dilation, or (B) two of the following within a consecutive six-month period despite prescribed treatment: (1) anemia with hemoglobin less than 10.0 g/dl, (2) serum albumin of 3.0 g/dL, (3) clinically documented tender abdominal mass with abdominal pain or cramping, (4) perineal disease with draining abscess or fistula, (5) involuntary weight loss of at least 10 percent from baseline, or (6) need for supplemental daily enteral nutrition via a gastronomy or daily parenteral nutrition via a central venous catheter.

AR 18. Essentially, the ALJ simply set forth the criteria of Listing 5.06 and found that Plaintiff did not meet or equal the listing. This is a boilerplate finding and insufficient under *Lewis*. Upon remand, the ALJ will address the medical evidence that supports a finding of meeting or equaling Listing 5.06, including a discussion of Plaintiff's hemoglobin test results.

**3.    Plaintiff's Symptom Statements**

Plaintiff challenges that ALJ's determination that his symptom statements are unreliable. ECF No. 11 at 9-15.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable. *Tommasetti*, 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id*. Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the

claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.*

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 20. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); S.S.R. 16-3p. As discussed below, the Commissioner will be required to supplement the administrative record with the currently outstanding determination that Plaintiff became disabled on August 30, 2018. The ALJ will reassess Plaintiff's symptom statements once this determination has been associated with the record.

### VIII. Conclusion

After briefing was completed, Plaintiff filed a Motion for Alternative Remedy – Remand Pursuant to 42 U.S.C. § 405(g), Sentence Six, ECF No. 13, and provided a Notice of Award from Social Security stating that Plaintiff was found disabled as of August 30, 2018 and awarding benefits, ECF No. 13-1. In his Motion for an Alternative Remedy, Plaintiff requested that the case be remanded to the Commissioner under Sentence Six of 42 U.S.C. § 405(g) to reconcile the two decisions in the event that this Court found a Sentence Four remand was not

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 12

1 appropriate. ECF No. 13 at 1-2. Because the Court finds a Sentence Four remand

2 is appropriate, the Court **DENIES** the Motion for Alternative Remand. However,

3 the Court finds it suspect where, as here, there is a single day separating Plaintiff's

4 denial in the ALJ decision, August 29, 2018, and a subsequent award of benefits on

5 August 30, 2018. The Court has no knowledge of what evidence was submitted to

6 the Commissioner that resulted in the determination that Plaintiff became disabled

7 as of August 30, 2018. ECF No. 15-1 (Declaration of Cheryl Mullins asserting that

8 no other determination was provided to Plaintiff except the Notice of Award).

9 Therefore, upon remand, the Commissioner will associate evidence of the

10 favorable determination with the record in this case. The Disability Determination

11 Explanation in the subsequent application will contain a list of evidence considered

12 in making the favorable determination. *See* POMS DI 26515.001 ("Disability

13 policy requires the Disability Determination Services (DDS) to provide complete

14 documentation of the sequential evaluation process used in claims adjudication.").

15 Therefore, the Disability Determination Explanation in the subsequent application

16 will be associated with the record upon remand.

17       The decision whether to remand for further proceedings or reverse and

18 award benefits is within the discretion of the district court. *McAllister v. Sullivan*,

19 888 F.2d 599, 603 (9th Cir. 1989). Reversing and awarding benefits is appropriate

20 when (1) the record has been fully developed and further administrative

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 13

proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court remands for an award of benefits. *Revels*, 874 F.3d at 668. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, the ALJ shall associate the Disability Determination Explanation from the subsequent application with the administrative record. She must then address the medical evidence relevant to Listing 5.06. If the case proceeds past a step three determination, the ALJ will make a new RFC determination addressing the need for Plaintiff to be in close proximity to the restroom and readdress his symptom statements. Additionally, the ALJ will supplement the record with any outstanding medical evidence and call a vocational expert to testify at a remand hearing.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11,** is **GRANTED**.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 14

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **DENIED.**

3. This matter is **REMANDED** under Sentence Four of the 42 U.S.C. §405(g) to the Commissioner for further proceedings consistent with this Order.

4. Plaintiff's Motion for Alternative Remedy, **ECF No. 13**, is **DENIED**.

5. Judgment shall be entered in favor of **Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** June 8, 2021.

*/s/ Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge
